**John McKnight WADE, Petitioner-Appellant,**

v.

**Mark NOOTH, Respondent-Appellee.**

No. 16-35399

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2018 *
Portland, Oregon
Filed March 7, 2018

Kristina Hellman, Assistant Federal Public Defender, Anthony Bornstein, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner-Appellant

Patrick Michael Ebbett, Assistant Attorney General, AGOR—Office of the Oregon Attorney General (SALEM), Salem, OR, for Respondent-Appellee

Before: N.R. SMITH and HURWITZ, Circuit Judges, and CURIEL,** District Judge.

## MEMORANDUM ***

John Wade was convicted in Oregon state court of offenses arising out of an assault and robbery. The convictions were affirmed on direct appeal, and Wade's petition for state post-conviction relief was unsuccessful. The district court denied Wade's subsequent 28 U.S.C. § 2254 habeas corpus petition and we affirm.

1. We assume, as does the respondent warden, that the introduction at trial of Wade's co-defendant's statements violated the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 52, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ("Statements taken by police officers in the course of interrogations are ... testimonial under even a narrow standard."). But, "[h]abeas relief on a trial error claim is appropriate only if the error results in 'actual prejudice.'" *Hall v. Haws*, 861 F.3d 977, 991 (9th Cir. 2017) (quoting *Davis v. Ayala*, — U.S. ——, 135 S.Ct. 2187, 2197, 192 L.Ed.2d 323 (2015) ); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (holding that Confrontation Clause violations are subject to harmless error review). Wade has not demonstrated that the trial error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) ). The co-defendant's statements were brief and cumulative of the testimony of the victims, "add[ing] nothing new." *Mayes v. Premo*, 766 F.3d 949, 965 (9th Cir. 2014).

2. The state post-conviction review court did not unreasonably reject Wade's ineffective assistance of counsel claim. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (citations omitted). Instead of hiring an expert to testify about the likely trajectory of the bullet, counsel chose to rely on the cross-examination of the officers, and to argue the state's failure to proffer evidence. The state court could have reasonably concluded that this "strategy choice was ... within the range of professionally reasonable judgments." *Strickland v. Washington*, 466 U.S. 668, 699, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*see Harrington*, 562 U.S. at 106–09, 131 S.Ct. 770 (rejecting claim that state court was unreasonable in finding counsel effective when counsel failed to consult with a blood pattern expert).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.